UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

BRAULIO THORNE, on behalf of himself        1:18-cv-01463 (RA)
and all other similarly situated,

             Plaintiffs,        **NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

v.

KENJO JEWELRY 57th STREET INC.,

             Defendant.

_____

       PLEASE TAKE NOTICE, that Plaintiff Braulio Thorne, shall move this Court, at a date and time to be set by this Honorable Court, for the entry of judgment by default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and Local Rule 55.2(b), against Defendant, Kenjo Jewelry 57th Street, Inc., and for any other relief that the Court may deem just and proper. The reasons supporting the Plaintiff's request for entry of judgment by default are set forth within the attached Affidavit of Counsel, Daniel Cohen, along with sufficient facts, the attached Certificate of Default dated August 23, 2018 (Ex. A), and other documents appearing in the Court's file and upon such evidence, oral or documentary, as may be presented prior to or at the hearing upon this motion.

Dated: August 31, 2018

                                                             Respectfully submitted,

                                                             **COHEN & MIZRAHI LLP**

                                                             _/s/ Daniel Cohen_
                                                             Daniel Cohen, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRAULIO THORNE, on behalf of himself    1:18-cv-01463 (RA)
and all other similarly situated,

                Plaintiffs,    **AFFIRMATION OF DANIEL COHEN**
                                        **COUNSEL FOR PLAINTIFF**

   v

KENJO JEWELRY 57th STREET INC.,

                Defendant.

_____

      Daniel Cohen affirms under the penalties of perjury, pursuant to 28 U.S.C. § 1748,

      1. That I am an attorney, admitted to practice in the State of New York, and the United States District Court, for the Southern District of New York.

      2. That I am the counsel for Plaintiff in the above stated matter, in which a Class Action Complaint was filed on February 19, 2018, and personally served upon Defendant, Kenjo Jewelry 57th Street, Inc., by personally serving Sue Zouky, Legal Clerk of the Secretary of State, with proof of service filed on April 23, 2018. (Doc. 6) (Ex. A).

      3. That the Complaint was commenced against the Defendant, Kenjo Jewelry 57th Street, Inc., pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq., and concomitant New York Executive Law § 296 et seq., and New York City Civil Rights Law § 40 et seq., premised upon Defendant's failure to conform their website, www.kenjo.net to be accessible equally and uniformly to disabled individuals.

      3. That Plaintiff's Prayer for Relief, included both preliminary and permanent injunctions; a declaration of Defendant's non-compliance; and Order certifying the Class and Sub-Classes under Fed.R.Civ.P. 23(a) & (b)(2) and/or (b)(3); compensatory damages under New York State and City Rights;  pre and post-Judgment interest; and award of costs and expenses, and reasonable

attorney and expert fees, along with such other and further relief as the Court may deem just and equitable.

4. That Defendant had until May 4, 2018 in which to file their Answer, and on July 17, 2018 a Certificate of Default was requested, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") after Defendant failed to file an Answer or otherwise plead. On July 23, 2018, the Clerk of the Court pursuant to Rule 55(a) issued an Entry of Default against the Defendant. (Ex. A)

5. Accordingly and pursuant to the Service Members Civil Relief Act, Title 50, United States Code, Section 521, your affiant has no reason to believe that the putative Defendant is a minor or currently enlisted, warranted, or commissioned in military service and unable to respond to these proceedings.

6. That a Judgment of Default is only applicable against the sole party in this action, Kenjo Jewelry 57th Street, Inc.

7. Plaintiff asserts that this Court may, pursuant to 28 U.S.C. §§ 2201, 2202, issue an Order for declaratory judgment; an Order for Permanent Injunction, pursuant to 42 U.S.C. § 12188(a)(2); Compensatory Damages, and Civil Penalties, pursuant to New York's Executive Law § 297(4)(c); Penalties and Punitive Damages, pursuant to New York City Civil Rights Law § 40-d, and Administrative Code § 8-120(8) and 8-126(a), and 8-502; Costs relating to the filing of the action, and reasonable attorney fees.

8. That the time for which any individual, or entity, to file a verified Answer or to move otherwise with respect to the Class Action Complaint in the instant case has expired.

WHEREFORE, it is hereby requested that the Court enter a Judgment of Default against Defendant in accordance with Rule 55(b)(2) of the Fed.R.Civ.P., and for such other and further relief as this Honorable Court may deem just, and equitable.

Respectfully submitted,

**COHEN & MIZRAHI LLP**

_____
Daniel Cohen, Esq.

UNITED STATES DISTRICT COURT`
<u>SOUTHERN DISTRICT OF NEW YORK</u>

BRAULIO THORNE, on behalf of himself
and all others similarly situated,

                Plaintiffs,                        1:18-cv-01463 (RA)

    v.

KENJO JEWELRY 57th STREET, INC.,        **PROPOSED DEFAULT JUDGMENT**

                Defendant.

---

      This Matter came before the Court on Plaintiff's application for entry of a default judgment against Defendant, Kenjo Jewelry 57th Street, Inc., under Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

      1.  A default was entered by the Clerk of the Court against Defendant Kenjo Jewelry 57th Street, Inc., on July 23, 2018.

      2.  Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

      3.  Defendant did not appear or otherwise defend in this action.

THEREFORE, IT IS ADJUDGED AND ORDERED THAT;

### I.

Plaintiff is a resident of New York, and blind, visually impaired handicapped individual and a member of a protected class of individuals under the ADA, pursuant to 42 U.S.C. § 12102(1)-(2) and concomitant State/City Statutes, Rules and Regulations.

### II.

Defendant, a corporation doing business in the State of New York, is the owner/operator of physical commercial stores, and are places of public accommodations within the definition of Title III of the ADA, and operates a concomitant website, www.kenjo.net, which violates the Statutory provisions of Title III of the Americans with Disabilities Act ("ADA"), and related New York State and City Statutes, Laws, Rules and Regulations, by failing to provide Plaintiff and others similarly situated with equal access to the subject website.

### III. Temporary & Permanent Injunctive Relief

Defendant is hereby Ordered to retain a qualified consultant acceptable to Plaintiff ("Agreed Upon Consultant") to assist Defendant to comply with WCAG 2.0 guidelines to:

> a. Train Defendant's employees and agents who develop the Website on accessibility compliance under the WCAG guidelines;
> b. Regularly check the accessibility of the Website under the WCSAG 2.0 guidelines;
> c. Regularly test user accessibility by blind or vision-impaired persons to ensure Defendant Websites' compliance under the WCAG 2.0 guidelines;
> d. Develop and accessibility policy that is clearly disclosed on Defendant's Websites, with contact information for users to report accessibility-related problems.

IV. Certification of Class & Sub-Class

Certification of Class & Sub-Class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2), on behalf of himself and all others similarly situated; all legally blind individuals in the United States and State of New York, who have attempted to access Defendant's Website and as a result have been denied access to equal enjoyment of goods and services offered in Defendant's physical locations, during the relevant statutory period.

V. Compensatory Damages, Civil Penalties and Fines

Pursuant to New York Executive Law § 297(4) et seq., an award of damages, civil penalties and fines to be determined by the Court at a hearing to be held in this matter;

VI. Statutory Penalties N.Y. Civil Rights Law

Pursuant to New York City Rights Law, § 40 et seq., the maximum award of Statutory penalties as to each stated violation;

VII. Appointment of Counsel and Reasonable Attorney Fees & Costs

Pursuant to Fed.R.Civ.P. 23(g)(1), appointing Daniel Cohen of Cohen & Mizrahi LLP, as Class Counsel; and awarding reasonable attorney fees and costs, pursuant to Fed.R.Civ.P. 23(h)

This Court shall maintain jurisdiction over this matter until _____, to enforce this Order, and to award such other equitable relief as the Court may deem just and proper.

IT IS SO ORDERED this _____ day of _____, 2018

_____

United States District Judge